(115 App. Div. 37)

### O'DWYER v. VERDON.

(Supreme Court, Appellate Division, Second Department.    September 28, 1906.)

1. APPEAL—REVIEW—FINDINGS BY COURT.

Where both parties moved for the direction of a verdict, and the court dismissed the complaint on the merits, disputed questions of fact must be deemed, on appeal, to have been determined in favor of defendant.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3748; vol. 46, Cent. Dig. Trial, § 372.]

2. JUDGMENT—RES JUDICATA.

In an action against a corporation, plaintiff claimed title to certain shares of stock, and alleged a refusal of the corporation to make the necessary transfer upon its books. The corporation defended on the ground that plaintiff had fraudulently gained possession of the shares, and pending such action the corporation sued for the cancellation of the certificates, but before such action came to trial the former action resulted in a verdict in favor of the corporation, whereupon plaintiff agreed to surrender the stock for cancellation, in consideration of the discontinuance of the corporation's action without costs. Held, that such judgment and proceedings precluded a subsequent action for conversion of the stock.

3. Trover and Conversion—Conversion of Corporate Stock.

Where the president of a corporation surrendered 10 shares of his stock to the corporation, and it issued a certificate for 10 shares to plaintiff, the fact that the president caused to be issued to himself a new certificate for the amount of stock originally held by him, in disregard of the shares transferred to plaintiff, and the fact that the corporation refused to enter the transfer on its books, did not show a conversion of plaintiff's stock by the president.

Appeal from Trial Court, Kings County.

Action by Michael O'Dwyer against Frederick A. Verdon. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Burton W. Gibson, for appellant.

Mark Ash, for respondent.

WOODWARD, J. At the close of all of the evidence both parties moved for the direction of a verdict, so that, if there were any disputed questions of fact, they must be deemed to have been determined by the court by consent of the parties in favor of the defendant; no request having been made to submit any questions to the jury. The facts, so far as it is necessary to consider them in disposing of this case, appear to be that the defendant is the president of the Frederick A. Verdon Company, a joint-stock corporation organized under the laws of New Jersey, with a capital stock of $26,000. It appears that on the 17th day of March, 1900, all of the stock of the corporation had been issued; that on that day the defendant surrendered to the corporation 10 shares of stock standing in his name, and the corporation, which is not a party to this action, issued and delivered to one Andrew Wood a certificate for 10 shares of the common stock of said corporation, which certificate was subsequently assigned to one Stephen Callaghan, plaintiff's assignor. On or about the 1st day of January, 1903, Stephen Callaghan brought an action in the Supreme Court, which was subsequently removed to the United States Circuit Court for the Eastern District of New York, in which he set up title to the 10 shares of stock, alleged a refusal of the corporation to make the necessary transfer upon its books, and demanded damages in the sum of $6,000. The corporation interposed an answer, and alleged that the shares of stock were never in fact delivered to Wood, but that he had fraudulently gained possession of the same, and never acquired title thereto. While this common-law action was pending, the Verdon Company instituted an action in equity, ancillary to such action; but before this latter action came to trial the common-law action was tried, resulting in a verdict in favor of the corporation, whereupon Callaghan entered into negotiations for the discontinuance of the action in equity, brought to secure the cancellation of the certificate for the 10 shares of common stock, agreeing to surrender the stock for cancellation, in consideration of such discontinuance without costs. The equity action was discontinued, and Callaghan surrendered his certificate for can-

cellation, and then assigned to this plaintiff his alleged cause of action for the conversion of these same 10 shares of stock by the defendant.

The alleged conversion consists, according to the plaintiff's brief, in the fact that the defendant originally owned 184 shares of stock, evidenced by certificate No. 1, and after a series of transfers, "on May 1, 1903, with a balance of 149 shares to the credit of his certificate and account, he caused to be issued to himself a new certificate for 159 shares in lieu of the old one, and in total disregard of the 10 shares previously transferred by him to Wood, plaintiff's predecessor in title, which transfer had never been entered or recorded in the books of the company, he wrongfully exercised active dominion over the 10 shares, claimed title to them, and deprived plaintiff's assignor of the substantial benefit and use of the shares." A court of competent jurisdiction has held that Wood never gained any title to these shares of stock, that he never conveyed any title to Callaghan, and Callaghan has accepted the results of that litigation, and has been relieved of the payment of costs in an action ancillary to his own action by surrendering the certificates for cancellation; but the plaintiff urges that these certificates were not the stock, that they were mere evidences of the stock, and that the cause of action for the alleged conversion survived such surrender and cancellation, and that it was error for the court to admit the evidence of the judgment in the common-law action, and the evidence of the subsequent adjustment between Callaghan and the Verdon Company. Obviously there is nothing tenable in such a proposition. The defendant had a clear right to show that the plaintiff had no title or interest in the stock; that plaintiff's assignor, for a valuable consideration, and in acknowledgment of the fraudulent possession of the same, had surrendered the certificate for cancellation; and there was no better evidence of these facts than the records of the court, where the case had been tried and disposed of without questioning on the part of plaintiff's assignor. The cause of action here attempted to be asserted is entirely fanciful, and has no foundation in law or in justice.

But if Andrew Wood, the original possessor of this stock, had been the lawful owner of the same, it is difficult to understand how the defendant could be guilty of a conversion. The defendant concededly surrendered 10 shares of his stock to the corporation, and the corporation issued a certificate of stock for 10 shares to Wood on the 17th day of March, 1900, and that certificate was never out of the possession of Wood or his assignees during the time that the defendant is alleged to have had the transactions resulting in an overissue of the stock of the corporation. That certificate, while not in law the stock itself, is the evidence of the stock, and entitles the lawful owner to have his stock entered of record in the books of the corporation and to all of the privileges of the corporation, and the transfer of the stock to any other person would be a fraud on the part of the corporation (N. Y. & N. H. R. R. Co. v. Schuyler, 34 N. Y. 30, 84), which is not a party to this action. How the defendant,

personally, could be guilty of conversion under the facts as they appear, and as they must be deemed to have been found, we are unable to understand.

The judgment and order appealed from should be affirmed, with costs. All concur.